# EXHIBIT A

1 | John C. Carpenter (155610)
*carpenter@cz.law*
2 | Carlos A. Hernandez, Esq. (SBN 316905)
*chernandez@cz.law*
3 | Gabriel Minsal, Esq., LLM (SBN 347600)
*gminsal@czrlaw.com*
4 | **CARPENTER & ZUCKERMAN**
5 | 8827 West Olympic Boulevard
Beverly Hills, California 90211
6 | Tel: (310) 273-1230
Fax: (310) 858-1063
7 |

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/13/2023 8:54 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

8 | Attorneys for Plaintiffs
ESTATE OF STANLEY WILSON, JR.,
9 | D. PULANE LUCAS, & STANLEY WILSON, SR.

10 |

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF LOS ANGELES**

13 | ESTATE OF STANLEY WILSON, JR., by and through Administrator D. Pulane Lucas and Stanley Wilson, Sr.; D. PULANE LUCAS, an individual; and STANLEY TOBIAS WILSON, SR.

CASE NO.: 23STCV21997

**COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES FOR:**

Plaintiffs,

vs.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF LOS ANGELES, a municipal government entity; CALIFORNIA DEPARTMENT OF STATE HOSPITALS, a state governmental agency; and DOES 1 through 50, Inclusive;

Defendants.

1. **EXCESSIVE FORCE (42 U.S.C. § 1983)**
2. **CRUEL AND UNUSUAL PUNISHMENT (42 U.S.C. § 1983)**
3. **BANE CIVIL RIGHTS ACT VIOLATIONS (CIV. CODE § 52.1)**
4. **BATTERY**
5. **NEGLIGENCE**
6. **NEGLIGENT HIRING, SUPERVISION, AND RETENTION**
7. **FAILURE TO COMPLY WITH CA PUBLIC RECORDS ACT (GOV'T CODE § 7920.000 ET. SEQ.)**
8. **VIOLATIONS OF PENAL CODE § 10008 FAILURE TO REPORT IN-CUSTODY DEATHS OF INMATES (CAL. P.C. § 10008)**

\*\* **DEMAND FOR JURY TRIAL** \*\*

1

1       The Los Angeles County jail system has been experiencing recent increases in in-custody

2 deaths, with 2022 reporting twice as many in-custody deaths as 2016. Mistreatment and neglect of

3 inmates experiencing mental health illness, like Stanley Wilson, Jr., have been widely reported at

4 Los Angeles Sheriff Department's Twin Towers Correctional Facility with horrific conditions

5 falling far below minimum health and safety standards. ACLU reviews have found widespread

6 failures by County of Los Angeles medical examiners to exercise due diligence in performing

7 unbiased autopsies related to in-custody deaths. According to ACLU documentation, in 0% of in-

8 custody death cases have field investigators and medical examiners reviewed all pertinent inmate

9 medical records, including relevant emergency and mental health records. In order to shed light on

10 the problem of in-custody deaths, the California State Legislature enacted Assembly Bill 2761 and

11 amended California Penal Code Section 10008 to impose upon the County of Los Angeles the legal

12 duty to report the facts and circumstances of all in-custody deaths. On February 1, 2023, Stanford

13 University Graduate and former Detroit Lions cornerback Stanley Wilson Jr. died at the age of 40

14 while being held by the County of Los Angeles. For reasons currently unknown to Plaintiffs,

15 Defendants in this case, including the County of Los Angeles have refused to report the facts and

16 circumstances of Stanley Wilson Jr.'s in-custody death. Defendants have even illegally failed and

17 refused to report the fact of Stanley Wilson Jr.'s in-custody death as required by law. With this

18 action, Plaintiffs seek the truth of the circumstances of their son's untimely death while in-custody

19 so that justice may be served.

20       COMES NOW, Plaintiffs ESTATE OF STANLEY WILSON, JR., by and through

21 administrator D. Pulane Lucas, D. PULANE LUCAS, an individual, and STANLEY TOBIAS

22 WILSON, SR., an individual, (collectively, "PLAINTIFFS") who complain and allege against

23 Defendants LOS ANGELES SHERIFF'S DEPARTMENT, a county law enforcement public entity,

24 COUNTY OF LOS ANGELES, a government entity, and CALIFORNIA DEPARTMENT OF

25 STATE HOSPITALS, a California governmental department, and DOES 1 through 50, inclusive,

26 (collectively, "DEFENDANTS") the following:

27 ///

28 ///

**COMPLAINT FOR DAMAGES**

1

**THE PARTIES**

2    1.    Stanley Wilson, Jr.'s death was pronounced on February 1, 2023, at or around 10:27

3    a.m. At all relevant times herein, Stanley Wilson Jr. was a resident of the State of California.

4    Stanley Wilson, Jr. was the son of Plaintiffs D. PULANE LUCAS and STANLEY TOBIAS

5    WILSON, SR. Due to the facts and circumstances of Stanley Wilson, Jr.'s February 1, 2023 death

6    as alleged herein, Plaintiff ESTATE OF STANLEY WILSON, JR., by and through administrators

7    D. PULANE LUCAS and STANLEY TOBIAS WILSON, SR. ("THE ESTATE"), brings this

8    action to recover survival action damages as a result of the tortious, unconstitutional, and illegal

9    acts and omissions that caused Stanley Wilson, Jr.'s death while he was in DEFENDANTS'

10    custody.

11    2.    Plaintiff D. PULANE LUCAS was and remains a resident of the State of Virginia

12    and is Stanley Wilson's mother. Plaintiff D. PULANE LUCAS is entitled to the property of

13    Stanley Wilson, Jr. under the laws of intestate and testate succession. Pursuant to, without

14    limitation, the operation of Cal. *Civ. Proc. Code* § 377.60, Plaintiff D. PULANE LUCAS is an heir,

15    a successor in interest, and a person lawfully entitled to assert a cause of action for the wrongful

16    death of Stanley Wilson, Jr. No other persons have any claim, right, or interest in the cause of

17    action for the wrongful death of Stanley Wilson, Jr. that is superior to the claims brought by

18    PLAINTIFFS.

19    3.    Plaintiff STANLEY TOBIAS WILSON, SR. was and remains a resident of the State

20    of California, County of Los Angeles and is Stanley Wilson, Jr.'s father ("STANLEY WILSON,

21    SR."). Plaintiff STANLEY WILSON, SR. is entitled to the property of Stanley Wilson, Jr. under

22    the laws of intestate and testate succession. Pursuant to, without limitation, the operation of Cal.

23    *Civ. Proc. Code* § 377.60, Plaintiff STANLEY WILSON, SR. is an heir, a successor in interest, and

24    a person lawfully entitled to assert a cause of action for the wrongful death of Stanley Wilson, Jr.

25    No other persons have any claim, right, or interest in the cause of action for the wrongful death of

26    Stanley Wilson, Jr. that is superior to the claims brought by PLAINTIFFS.

27    4.    Plaintiff is informed and believes, and thereon alleges, that Defendant LOS

28    ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "LASD") is, and at all relevant

1   times was, a public law enforcement entity with the capacity to sue and be sued.  LASD is

2   responsible for the actions, omissions, policies, procedures, practices, and/or customs of its various

3   agents, employees, independent contractors, and/or joint venturers.  Defendant LASD was

4   responsible for assuring that the actions, omissions, policies, procedures, practices, and/or customs

5   of LASD and its agents, employees, independent contractors, and/or joint venturers complied with

6   the law. Plaintiffs are informed and believe, and thereon allege, that Defendant LASD owned

7   and/or operated LASD's and/or COUNTY OF LOS ANGELES' Twin Towers Correctional

8   Facility, located at 450 Bauchet St., Los Angeles, CA 90012, where Stanley Wilson, Jr. was held

9   prior to his February 1, 2023 death and where some of the tortious conduct alleged herein occurred.

10   COUNTY and LASD are responsible for the tortious, unconstitutional, and/or unlawful conduct by

11   authorizing, acquiescing, and/or failing to take action to prevent the said conduct. COUNTY and

12   LASD are further responsible for said conduct by failing to adequately hire, train, supervise,

13   discipline, and/or terminate its employees, independent contractors, and agents that caused Stanley

14   Wilson, Jr.'s February 1, 2023 death.

15        5.        Plaintiff is informed and believes, and thereon alleges, that Defendant COUNTY OF

16   LOS ANGELES (hereinafter referred to as "COUNTY") is, and at all relevant times was, a

17   government entity and subdivision of the State of California with the capacity to sue and be sued.

18   At all relevant times herein, Defendant COUNTY is responsible for its actions, omissions, policies,

19   procedures, practices, and/or customs of the COUNTY and its various agents, employees,

20   independent contractors, and/or joint venturers, including LASD and its agents, employees,

21   independent contractors, and/or joint venturers.  At all times relevant to the facts alleged herein,

22   Defendant COUNTY was responsible for assuring that its actions, omissions, policies, procedures,

23   practices, and/or customs and those of its agents, employees, independent contractors, and/or joint

24   venturers, including LASD, complied with the laws and Constitutions of the United States and of

25   the State of California.  Defendant COUNTY owned and/or operated COUNTY OF LOS

26   ANGELES' Twin Towers Correctional Facility, located at 450 Bauchet St., Los Angeles, CA

27   90012, where Stanley Wilson, Jr. was held prior to his February 1, 2023 death.

28

1      6.     Plaintiff is informed and believes, and thereon alleges, that Defendant

2  CALIFORNIA DEPARTMENT OF STATE HOSPITALS (hereinafter "DSH") is, and at all

3  relevant times was, a State of California department with the capacity to sue and be sued.  DSH is

4  responsible for the actions, omissions, policies, procedures, practices, and/or customs of its various

5  agents, employees, independent contractors, and/or joint venturers.  Defendant DSH was

6  responsible for assuring that the actions, omissions, policies, procedures, practices, and/or customs

7  of DSH and its agents, employees, independent contractors, and/or joint venturers complied with

8  the law. Plaintiffs are informed and believe, and thereon allege, that Defendant DSH owned and/or

9  operated DSH' Metropolitan State Hospital, located at 11401 Bloomfield Ave., Norwalk, California

10  90650, before, during, and/or after Stanley Wilson's February 1, 2023 death and where some of the

11  tortious conduct alleged herein occurred.  DSH is responsible for the tortious, unconstitutional,

12  and/or unlawful conduct by authorizing, acquiescing, and/or failing to take action to prevent the

13  said conduct. DSH, COUNTY and LASD are jointly responsible for the death of Stanley Wilson,

14  Jr. for the due to the conduct of their employees and agents while at the premises of Metropolitan

15  State Hospital.

16      7.     Plaintiffs are informed and believe, and thereon allege that, at all times relevant and

17  mentioned herein, DEFENDANTS, including DOES 1 to 50 (herein after "DOE DEFENDANTS"),

18  and each of them, were agents, independent contractors, employees, employers, co-conspirators,

19  and/or joint venturers of their co-Defendants, and each of them, and were acting within the course,

20  scope and authority of said agency, employment, contracting relationship, and/or joint venture and

21  that each and all DEFENDANTS, as aforesaid, when acting as a principal, was, without limitation,

22  negligent in the selection and hiring, retention, training, and supervision of each and every other

23  DEFENDANT as an agent, employee, independent contractor, and/or joint venturer.

24      8.     Plaintiffs are informed and believe, and thereon allege that, at all times relevant and

25  mentioned herein, DOE DEFENDANTS caused and are responsible for the tortious,

26  unconstitutional, and/or unlawful conduct described herein by participating individually in the

27  conduct or acting jointly and in concert with others who did so, by authorizing, acquiescing, or

28  failing to take action to prevent the tortious, unconstitutional, and unlawful conduct, by

1 | promulgating policies, practices, and/or procedures pursuant to which the unlawful conduct alleged
2 | herein occurred, by failing and refusing, with deliberate indifference to Stanley Wilson, Jr.'s and
3 | PLAINTIFFS' rights, to initiate and maintain adequate supervision and/or training, and/or by
4 | ratifying the unlawful conduct that occurred by agents, employees, independent contractors, and/or
5 | agents under their direction and control. Whenever and wherever reference is made in this
6 | Complaint to any act by a DEFENDANT and/or DOE DEFENDANTS, such allegation and
7 | references shall also be deemed to mean the acts and failure to act of each Defendant individually,
8 | jointly, and severally. They are sued in their individual and official capacities and in some manner
9 | are responsible for the acts and omissions alleged herein.

10 |      9.     The true names and capacities, whether individual, plural, corporate, partnership,
11 | associate, or otherwise, of DOE DEFENDANTS, inclusive, are unknown to PLAINTIFFS, who
12 | therefore sues said DOE DEFENDANTS by such fictitious names. The full extent of the facts
13 | linking such fictitiously sued DOE DEFENDANTS is unknown to PLAINTIFFS. PLAINTIFFS
14 | are informed and believe and thereon allege that each of the Defendants designated herein as a
15 | DOE DEFENDANT was, and is, negligent, or in some other actionable manner, responsible for the
16 | tortious, unconstitutional, and/or unlawful events and happenings hereinafter referred to and
17 | thereby negligently, or in some other actionable manner, legally and proximately caused the
18 | hereinafter described injuries and damages to Stanley Wilson, Jr. and PLAINTIFFS. PLAINTIFFS
19 | will hereafter seek leave of the Court to amend this Complaint to show the DOE DEFENDANTS'
20 | true names and capacities after the same have been ascertained.

21 | **JURISDICTION AND VENUE**

22 |      10.     The acts and/or omissions, which are the subject of this Complaint, took place at or
23 | near LASD and COUNTY's Twin Towers Correctional Facility located at 450 Bauchet St., Los
24 | Angeles, CA 90012 and/or DSH' Metropolitan State Hospital, located at 11401 Bloomfield Ave.,
25 | Norwalk, California 90650, both in the County of Los Angeles.

26 |      11.     Venue is proper in this county in accordance with California *Code of Civil*
27 | *Procedure* §§ 395(a) and 395.5 because the obligation and/or liability arose in the County of Los
28 | Angeles and breaches occurred in said county. This Court has jurisdiction because the alleged acts

1 │ and/or omissions giving rise to the allegations contained herein occurred in the County of Los
2 │ Angeles, and the DEFENDANTS either reside in and/or conduct business in the State of California,
3 │ County of Los Angeles.

4 │      12.    On or about March 14, 2023 and on March 30, 2023, PLAINTIFFS presented
5 │ government claims to Defendants COUNTY and LASD (collectively "COUNTY
6 │ DEFENDANTS"), respectively, related to COUNTY DEFENDANTS' acts and/or omissions that
7 │ caused PLAINTIFFS' harms and damages herein complained of pursuant to, without limitation,
8 │ Government Code § 911.2. PLAINTIFFS' claims were subsequently rejected by operation of law
9 │ on April 28, 2023. Based on the foregoing, this Complaint is filed within 6 months of the
10 │ aforementioned rejections by COUNTY DEFENDANTS. COUNTY DEFENDANTS are each
11 │ liable to PLAINTIFFS for the acts of its agents, employees, independent contractors, and/or joint
12 │ venturers pursuant to, without limitation, California *Government Code* §§ 815.2, 815.4, and/or
13 │ 815.6, and *Cal. Const. Art*, Sec. 1, 4, 7, 10, 13, 17 and/or 26. Based on the foregoing,
14 │ PLAINTIFFS' claims against COUNTY DEFENDANTS are timely brought by and through the
15 │ filing of this Complaint.

16 │      13.    On or about July 26, 2023, PLAINTIFFS presented government claim to the State of
17 │ California, specifically referencing DSH, related to DSH' acts and/or omissions that caused
18 │ PLAINTIFFS' harms and damages herein complained of pursuant to, without limitation,
19 │ Government Code § 911.2. PLAINTIFFS' claims were subsequently rejected by operation of law
20 │ on September 9, 2023. Based on the foregoing, this Complaint is filed within 6 months of the
21 │ aforementioned rejection by the State of California, specifically DSH. DSH is liable to
22 │ PLAINTIFFS for the acts of its agents, employees, independent contractors, and/or joint venturers
23 │ pursuant to, without limitation, California *Government Code* §§ 815.2, 815.4, and/or 815.6, and
24 │ *Cal. Const. Art*, Sec. 1, 4, 7, 10, 13, 17 and/or 26. Based on the foregoing, PLAINTIFFS' claims
25 │ against the State of California, specifically DSH, are timely brought by and through the filing of
26 │ this Complaint.
27 │ ///
28 │ ///

1

**GENERAL ALLEGATIONS**

2  14.  Stanford University Graduate and former Detroit Lions cornerback Stanley Wilson

3  Jr. died on February 1, 2023, at the age of 40, while in the custody of the COUNTY, LASD and/or

4  DSH.

5  15.  Prior to his death, since August 24, 2022, Stanley Wilson, Jr. had been in the

6  custody of LASD, including, during this time, at its Twin Towers for property-related charges.

7  16.  On the date of his death, Stanley Wilson, Jr. was set to arrive at DSH' Metropolitan

8  State Hospital, located at 11401 Bloomfield Ave., Norwalk, California 90650, from County and

9  LASD's Twin Towers Correctional Facility located at 450 Bauchet St., Los Angeles, CA 90012.

10  Based on allegations contained herein, Stanley Wilson, Jr. was pronounced dead soon after his

11  arrival at DSH's Metropolitan State Hospital.

12  17.  Soon after being placed into custody on August 24, 2022, COUNTY s Behavioral

13  Observation and Mental Health Referral documents Stanley Wilson, Jr.'s mental health issues and

14  the COUNTY's mental health special handling.  Mental health-related concerns are documented

15  throughout Stanley Wilson, Jr.'s COUNTY inmate medical records from August 2022 through the

16  date of his death on February 1, 2023.

17  18.  On or about October 13, 2022, the COUNTY's Mental Health Division found

18  Stanley Wilson Jr. incompetent to stand trial for charges brought against him by the COUNTY.

19  The COUNTY further found that Stanley Wilson, Jr. lacked the capacity to make decisions

20  regarding his medical treatment while in custody.  The COUNTY found that it was medically

21  appropriate to treat Stanley Wilson, Jr.'s psychiatric condition with psychotropic medications in an

22  objectively reasonable manner as prescribed by treating psychiatrists.

23  19.  Based on information and belief, on or about November 2, 2022, a COUNTY

24  forensic evaluator recommended that Stanley Wilson, Jr. receive competency training in a forensic

25  setting approved by DSH.

26  20.  Based on information and belief, on or about November 7, 2022, at the request of the

27  COUNTY, the Court ordered that Stanley Wilson, Jr. be committed to DSH's Metropolitan State

28  Hospital.

21.     Medical records from the COUNTY's Correctional Health Services during the time that Stanley Wilson, Jr. remained at the COUNTY's Twin Towers Correctional Facility document a diagnosis of "[u]nspecified psychosis not due to a substance or known physiological condition." Medical records document that Stanley Wilson, Jr. did not have suicidal ideation, instead documenting his belief that "suicide is wrong." Stanley Wilson, Jr. reported perceptual disturbances while in custody related to hearing and seeing voices and sounds.

22.     During this time, Stanley Wilson, Jr. sought treatment from the COUNTY's Correctional Health Services for, without limitation. chronic tension headaches, chronic insomnia, and toothaches:



23.     On January 31, 2023, the day before his death, psychological records from the COUNTY's Correctional Health Services document Stanley Wilson, Jr.'s general objective assessment as: "Health appearing and in no obvious distress." Stanley Wilson, Jr.'s psychological documentation further includes the following: "seen by cell door, alert, oriented, makes eye contact, clear speech, speaks in full sentences, respiratory even, unlabored, moves all extremities, ambulatory, steady gait." Stanley Wilson, Jr. denied "chest pain, difficulty breathing, nausea or vomiting, fever, coughing night sweats, body aches."

24.     The next day, on February 1, 2023, Stanley Wilson, Jr. was to be transported by LASD Deputies D. Gutierrez (#496210) and K. Lowry (#540704) to DSH's Metropolitan State Hospital to be admitted as a "forensic patient," pursuant to P.C. § 1370. Pursuant to said code

1  section and by Court order, Stanley Wilson, Jr. was to be transported to DSH's Metropolitan State

2  Hospital for the care and treatment of his mental health disorder.

3      25.    However, instead of receiving treatment for his mental health disorder, at or about

4  10:27 a.m., while he remained in the custody of LASD, Stanley Wilson, Jr. was subjected to

5  unlawful and unwarranted physical contact, neglect, and abuse at the hands of the COUNTY and

6  LASD as more fully alleged hereinbelow.  Said unlawful and unwarranted physical contact,

7  neglect, and abuse was the proximate cause of Stanley Wilson Jr.'s death.  He was pronounced

8  dead at Metropolitan State Hospital's patio of Unit 104 while still in the custody of the COUNTY

9  and LASD.  By the time emergency first responders appeared on the scene, Stanley Wilson, Jr. had

10 no pulse and remained unresponsive after two rounds of continuous CPR were performed.  Based

11 on information and belief, Stanley Wilson, Jr. had not completed the admissions process at DSH's

12 Metropolitan State Hospital at the time he was pronounced dead.

13     26.    The COUNTY's Autopsy Report and post-mortem photographs document multiple

14 red abrasions on Stanley Wilson's forehead, right hand, and right knee.  Post-mortem photographs

15 also evidence ligature marks on Stanley Wilson, Jr.'s wrist from custodial restraints.  The videos

16 of Stanley Wilson's treatment in-custody immediately before his death are in the possession

17 custody and control of Defendants, and each of them.  Based on information and belief,

18 Defendants' and each of them, are illegally refusing to release the videos of Stanley Wilson's

19 abuse at the hands of Defendants which was the proximate cause of his death in-custody.

20     27.    Based on information and belief, PLAINTIFFS allege that these injuries, and the

21 death of Stanley Wilson Jr., were caused by DEFENDANTS as a result of DEFENDANTS'

22 unconstitutional and excessive force used against him while he was in restraints and/or failure to

23 provide reasonably necessary care needed by him as a mentally incapacitated inmate.

24     28.    Despite months-long efforts by the parents of Stanley Wilson, Jr., D. PULANE

25 LUCAS and STANLEY WILSON, SR., to obtain documentary video footage of Stanley Wilson,

26 Jr. on the February 1, 2023 date of his death, including of his journey from his bed at LASD's

27 Twin Towers Correctional Facility to DSH's Metropolitan State Hospital and the removal of

28 Stanley Wilson's body from DSH's Metropolitan State Hospital, to date, no such documentary has

1 | been produced to them.

2 |     29.    Based on information and belief, despite that an inmate death triggers an initial

3 | death report generated by the prison in which the death occurs that includes a mortality review by

4 | both a physician and nurse reviewer, to date, Defendants, and each of them have failed and refused

5 | to conduct any review whatsoever and no such report or review have been conducted related to the

6 | death of Stanley Wilson, Jr. As such, despite requirements that an extensive review be conducted

7 | of Stanley Wilson, Jr.'s clinical record, dating back at least 6 months prior to his February 1, 2023

8 | death, to date, no such review has been conducted.

9 |     30.    As in the case with Stanley Wilson, Jr.'s parents, D. PULANE LUCAS and

10 | STANLEY WILSON, SR., families have been left living in "purgatory" with little to no

11 | information of loved ones who have died within the custody of the COUNTY and LASD.

12 |     31.    Based on information and belief, PLAINTIFFS allege that DEFENDANTS have

13 | widely and misleadingly mischaracterized the cause and circumstances of Stanley Wilson, Jr.'s

14 | death, specifically that Stanley Wilson, Jr. collapsed while in a chair located at DSH's

15 | Metropolitan State Hospital's patio. The videos in possession of defendants, and each of them,

16 | would show the truth of what caused the death of Stanley Wilson Jr.

17 |     32.    Based on information and belief, PLAINTIFFS allege that, on or about February 1,

18 | 2023, DEFENDANTS, without limitation, engaged Stanley Wilson, Jr. without the sufficient

19 | training and/or supervision to properly interact and/or restrain people like him who are known to

20 | be struggling with mental health issues.

21 |     33.    Based on information and belief, PLAINTIFFS allege that, by failing to properly and

22 | safely engage Stanley Wilson, Jr., who was a mentally incompetent individual in DEFENDANTS'

23 | custody and care, without sufficient, required, and/or appropriate training and supervision,

24 | DEFENDANTS displayed and practiced established customs, policies, procedures, practices,

25 | and/or protocols that amounted to deliberate indifference to Stanley Wilson, Jr.'s constitutional

26 | and statutory rights. As such, DEFENDANTS were the moving force behind the constitutional

27 | violations that Stanley Wilson, Jr. was forced to endure. Moreover, at all relevant times,

28 | DEFENDANTS failed to implement and maintain proper policies, procedures, practices, and/or

1    protocols to engage mentally incapacitated individuals, including Stanley Wilson, Jr.

2       34.    Based on information and belief, PLAINTIFFS allege that the wrongful conduct

3    alleged herein was ratified and authorized by DEFENDANTS' officers, directors and/or managing

4    agents, including when DEFENDANTS performed, contributed to, authorized, and/or ratified the

5    above-described acts by establishing and promulgating policies, procedures, and practices to

6    carelessly, negligently, improperly, recklessly, wantonly, and/or illegally fail to provide reasonably

7    necessary care to Stanley Wilson, Jr., an incapacitated inmate in DEFENDANTS' custody, and/or

8    when DEFENDANTS used excessive force against him prior to his February 1, 2023 death.

9       35.    Based on information and belief, PLAINTIFFS allege that DEFENDANTS,

10    including, without limitation, their respective officers, directors and/or managing agents,

11    negligently, recklessly, and callously failed to implement policies, procedures, practices, and/or

12    protocols to ensure the safety of mentally incapacitated individuals in their custody. including

13    Stanley Wilson, Jr.

14       36.    Based on information and belief, PLAINTIFFS allege that DEFENDANTS,

15    including, without limitation, their respective officers, directors, and/or managing agents,

16    negligently, recklessly, and callously failed to train its employees, agents, independent contractors,

17    and/or joint venturers to reasonably ensure that mentally incapacitated individuals in

18    DEFENDANTS' custody, like Stanley Wilson, Jr., receive reasonably necessary medical attention

19    amounting to cruel and unusual punishment and  custodial care devoid of excessive force.

20       37.    As a direct and proximate cause of DEFENDANTS' tortious conduct and/or

21    omissions as described herein, Stanley Wilson, Jr. suffered an untimely and wrongful death.

22       38.    As a direct and proximate cause of the tortious acts and /or omissions described

23    herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson,

24    Jr., have suffered and continuous to suffer, without limitation, the loss of DECEDENT's love,

25    companionship, comfort, care, assistance, protection, affection, society, moral support, training,

26    and guidance.

27       39.    As a direct and proximate cause of DEFENDANTS' tortious acts and/or omissions

28    described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of

1  Stanely Wilson, Jr., have suffered wrongful death damages that include, without limitation,

2  economic losses associated with (1) the loss of financial support that DECEDENT would have

3  contributed to the family during the life expectancy that DECEDENT had before his death or the

4  life expectancy of PLAINTIFFS, (2) the loss of gifts or benefits that PLAINTIFFS would have

5  expected to receive from DECEDENT, (3) funeral and burial expenses, and (4) the reasonable

6  value of household services that DECEDENT would have provided.

7      40.    As a result of the tortious acts and omissions described herein, the ESTATE claims

8  compensable pre-death pain and suffering of Stanley Wilson, Jr.

9      41.    As a result of the tortious actions and omissions as described herein, the ESTATE is

10 entitled to punitive damages because DEFENDANTS acted with the intent to cause injury and/or

11 their conduct was despicable and was done with a willful and knowing disregard of the rights and

12 or safety of DECEDENT. At all relevant times, DEFENDANTS were aware of the probable

13 consequences of their conduct and deliberately failed to avoid those consequences.

14              **FIRST CAUSE OF ACTION FOR EXCESSIVE FORCE**

15                   **(Excessive Force against All Defendants)**

16     42.    PLAINTIFFS incorporate herein by reference, each and every allegation and

17 statement contained in paragraphs 1 to 41, *supra*, as if the same had been set forth fully below.

18     43.    To state a claim for excessive force pursuant to 42 U.S.C. § 1983, THE ESTATE

19 must allege facts sufficient to show: (1) DEFENDANTS used force in detaining Stanley Wilson,

20 Jr.; (2) the amount of force was unreasonable; (3) Stanley Wilson Jr. was harmed; and (4)

21 DEFENDANTS' use of unreasonable force was a substantial factor in causing Stanley Wilson, Jr.'s

22 harm.

23     44.    Based on information and belief, PLAINTIFFS allege that DEFENDANTS, by and

24 through their agents, employees, and/or joint venturers, exercised excessive force against Stanley

25 Wilson, Jr when unreasonably physically restraining him, including, without limitation, as an

26 individual who was known to be under psychiatric care while in DEFENDANTS' custody. The

27 excessive force, including the physical restraints used against him ultimately resulted in physical

28 injuries on February 1, 2023 that caused Stanley Wilson, Jr.'s untimely death. Based on information

1   and belief, the force, weight, and/or inappropriate physical restraint tactics caused Stanley Wilson,

2   Jr. to sustain physical injuries and encouraged Stanley Wilson, Jr lawful use of lawful resistance to

3   DEFENDANTS' hostile attempts to subdue Stanley Wilson, Jr.

4       45.    DEFENDANTS are liable for Stanley Wilson, Jr.'s injuries because they were

5   integral participants in the excessive force used against him.

6       46.    In performing the acts described herein, DEFENDANTS, acting by and through their

7   agent, employees, and/or joint venturers in their individual and official capacities and/or under the

8   color of state law, committed the act of civil battery in violation of Cal. *Civ. Proc. Code* § 1708,

9   when, without limitation, they acted with the intent to make a harmful and offensive contact with

10   Stanley Wilson, Jr.'s person and did make such harmful and offensive contact.

11       47.    DEFENDANTS, and each of them, by and through their agents, employees, and/or

12   joint venturers in their individual and official capacities and/or under the color of state law, did, in

13   fact, bring themselves into offensive and unwelcome contact with Stanley Wilson, Jr., including on

14   February 1, 2023. Stanley Wilson, Jr. was physically harmed and/or experienced offensive contact

15   with his person as a result of DEFENDANTS' wrongful acts as hereinabove alleged.

16       48.    At all relevant times, Stanley Wilson, Jr. found DEFENDANTS' contact to be

17   offensive to his person and dignity. At no time did Stanley Wilson, Jr. knowingly consent to any of

18   DEFENDANTS' acts alleged hereinabove.

19       49.    As a result of the tortious acts and omissions described herein, THE ESTATE claims

20   compensable pre-death pain and suffering of Stanley Wilson, Jr.

21       50.    As a result of the tortious actions and omissions as described herein, THE ESTATE

22   is entitled to punitive damages because DEFENDANTS acted with the intent to cause injury

23   and/or their conduct was despicable and was done with a willful and knowing disregard of the

24   rights and or safety of DECEDENT.  At all relevant times, DEFENDANTS were aware of the

25   probable consequences of their conduct and deliberately failed to avoid those consequences.

26       51.    As a result of the tortious actions and omissions as described herein, THE ESTATE

27   seeks injunctive relief, including, without limitation, (1) a complete accounting of all in-custody

28   deaths – including of Stanley Wilson, Jr. – that have occurred in 2023 both at LASD and DSH

1  facilities and (2) that DEFENDANTS be required to complete mortality reviews triggered by inmate
2  death occurrences at LASD and DSH facilities that include a mortality review by both a physician
3  and nurse reviewer dating back at least 6 months prior to a reported in-custody death.

4  ### SECOND CAUSE OF ACTION FOR CRUEL AND UNUSUAL PUNISHMENT
5  **(Cruel and Unusual Punishment against All Defendants)**

6      52.    PLAINTIFFS incorporate herein by reference, each and every allegation and
7  statement contained in paragraphs 1 to 51, *supra*, as if the same had been set forth fully below.

8      53.    To state a claim for cruel and unusual punishment pursuant to 42 U.S.C. § 1983,
9  THE ESTATE must allege facts sufficient to show: (1) an objectively, sufficiently serious act or
10  omission resulting in the denial of necessities; and (2) a culpable state of mind on the part of
11  DEFENDANTS, including LASD custodial officers, amounting to deliberate indifference to
12  Stanley Wilson, Jr.'s health and safety. The Eighth Amendment prohibits punishments which are
13  incompatible with the evolving standards of decency that mark the progress of a maturing society,
14  including inhumane imprisonment and/or detention.

15      54.    Based on COUNTY and LASD records, DEFENDANTS, at all relevant times, were
16  aware that Stanley Wilson, Jr. was determined not presently mentally competent to stand trial.
17  Moreover, based on COUNTY and LASD records, further found that Stanley Wilson, Jr. lacked
18  the capacity to make decisions regarding his medical treatment while in custody. The COUNTY
19  found that it was medically appropriate to treat Stanley Wilson, Jr.'s psychiatric condition with
20  psychotropic medications in an objectively reasonable manner as prescribed by treating
21  psychiatrists.

22      55.    Medical records from the COUNTY's Correctional Health Services during the time
23  that Stanley Wilson, Jr. remained at the COUNTY's Twin Towers Correctional Facility document
24  a diagnosis of "[u]nspecified psychosis not due to a substance or known physiological condition.
25  During the time that Stanley Wilson, Jr. was in DEFENDANTS' custody, he reported perceptual
26  disturbances related to hearing and seeing voices and sounds. Post-mortem examinations have
27  also confirmed a diagnosis of chronic traumatic encephalopathy (CTE).

28      56.    Based on the foregoing, DEFENDANTS were aware that Stanley Wilson, Jr.

1  required necessities related to his psychological/psychiatric condition, including adequate medical
2  care.

3      57.    Based on information and belief, instead of providing Stanley Wilson, Jr. with such
4  adequate medical care, Stanley Wilson. Jr. was confined at LASD's Twin Towers Correctional
5  Facility, widely known to be overcrowded and to harbor a custodial staff culture that includes a
6  failure to provide adequate medical and mental health care due, in part, to the large number of
7  mentally ill inmates, like Stanley Wilson, Jr., in need of medical and mental health care while in
8  custody.  Such lack of adequate medical care has been determined a major cause in the increase of
9  in-custody deaths between 2016 through present.

10      58.    Conditions at LASD's Twin Towers Correctional Facility have been reported to
11  include mentally ill patients not showering for weeks in violation of U.S. Code Title 15 minimum
12  standards and lack of regular access to hot meals.  Moreover, inmates at LASD's Twin Towers
13  Correctional Facility are only rarely, if ever, exposed to sunlight and are rarely, if ever, provided
14  with the opportunity to exercise, move around, or socialize with other human being leading to
15  further deterioration of inmate's mental, psychological, and/or physical health.

16      59.    Based on information and belief, DEFENDANTS, by and through correctional
17  officers and/or other agents, employees, and/or joint venturers, are aware of said conditions and
18  yet intentionally allow such conditions to exist.

19      60.    Based on information and belief, PLAINTIFFS allege that, by failing to properly and
20  safely provide adequate medial care to Stanley Wilson, Jr., who was an individual diagnosed with
21  mental health disorders in DEFENDANTS' custody and care, without sufficient, required, and/or
22  appropriate training and supervision, DEFENDANTS displayed and practiced established customs,
23  policies, procedures, practices, and/or protocols that amounted to deliberate indifference to Stanley
24  Wilson, Jr.'s constitutional and statutory rights.  As such, DEFENDANTS were the moving force
25  behind the constitutional violations that Stanley Wilson, Jr. was forced to endure.  Moreover, at all
26  relevant times, DEFENDANTS failed to implement and maintain proper policies, procedures,
27  practices, and/or protocols to engage mentally incapacitated individuals, including Stanley Wilson,
28  Jr, who was diagnosed with mental health disorders.  Post-mortem examinations have also

16

1   confirmed a diagnosis of chronic traumatic encephalopathy (CTE).

2          61.     Based on information and belief, PLAINTIFFS allege that the wrongful conduct

3   alleged herein was ratified and authorized by DEFENDANTS' officers, directors, and/or managing

4   agents, including when DEFENDANTS performed, contributed to, authorized, and/or ratified the

5   above-described acts by establishing and promulgating policies, procedures, and practices to

6   carelessly, negligently, improperly, recklessly, wantonly, and/or illegally fail to provide adequate

7   medical care to Stanley Wilson, Jr. while in DEFENDANTS' custody prior to his February 1,

8   2023 death.

9          62.     Based on information and belief, PLAINTIFFS allege that DEFENDANTS,

10  including, without limitation, their respective officers, directors and/or managing agents,

11  negligently, recklessly, and callously failed to implement policies, procedures, practices, and/or

12  protocols to ensure the safety of mentally incapacitated individuals in their custody, including

13  Stanley Wilson, Jr.

14         63.     Based on information and belief, PLAINTIFFS allege that DEFENDANTS,

15  including, without limitation, their respective officers, directors, and/or managing agents,

16  negligently, recklessly, and callously failed to train its employees, agents, independent contractors,

17  and/or joint venturers to reasonably ensure that mentally incapacitated individuals in

18  DEFENDANTS' custody, like Stanley Wilson, Jr., receive adequate medical attention.

19  DEFENDANTS conduct as alleged herein amounted to cruel and unusual punishment of Stanley

20  Wilson, Jr.

21         64.     As a direct and proximate cause of DEFENDANTS' tortious conduct and/or

22  omissions as described herein, Stanley Wilson, Jr. suffered an untimely and wrongful death.

23         65.     As a result of the tortious acts and omissions described herein, THE ESTATE claims

24  compensable pre-death pain and suffering of Stanley Wilson, Jr.

25         66.     As a result of the tortious actions and omissions as described herein, THE ESTATE

26  is entitled to punitive damages because DEFENDANTS acted with the intent to cause injury

27  and/or their conduct was despicable and was done with a willful and knowing disregard of the

28  rights and or safety of DECEDENT.  At all relevant times, DEFENDANTS were aware of the

1  probable consequences of their conduct and deliberately failed to avoid those consequences.

2  67.    As a result of the tortious actions and omissions as described herein, THE ESTATE

3  seeks injunctive relief, including, without limitation, (1) a complete accounting of all in-custody

4  deaths – including of Stanley Wilson, Jr. – that have occurred in 2023 both at LASD and DSH

5  facilities and (2) that DEFENDANTS be required to complete mortality reviews triggered by inmate

6  death occurrences at LASD and DSH facilities that include a mortality review by both a physician

7  and nurse reviewer dating back at least 6 months prior to a reported in-custody death.

8  **THIRD CAUSE OF ACTION FOR BANE CIVIL RIGHTS VIOLATIONS**

9  **(Bane Act Violations against All Defendants)**

10  68.    PLAINTIFFS incorporate herein by reference, each and every allegation and

11  statement contained in paragraphs 1 to 67, *supra*, as if the same had been set forth fully below.

12  69.    Without limitation, the civil rights of Stanley Wilson, Jr. were violated by

13  DEFENDANTS, including custodial officers and DEFENDANTS' agents, employees, and/or joint

14  venturers, intentionally interfered with Stanley Wilson, Jr.'s civil rights by threats, intimidation,

15  and/or coercion as described hereinabove, including, without limitation, when DEFENDANTS used

16  excessive force in restraining Stanley Wilson, Jr. while at the LASD's Twin Towers Correctional

17  Facility and/or DSH's Metropolitan State Hospital and used cruel and unusual punishment while

18  Stanley Wilson, Jr. was in custody at LASD's Twin Towers Correctional Facility, including by

19  denying him adequate medial care as an individual known to be mentally incompetent to stand trial

20  and  known to be diagnosed with mental health disorders and, as such, known to require mental

21  and/or psychological treatment and care.  Post-mortem examinations have also confirmed a

22  diagnosis of chronic traumatic encephalopathy (CTE).

23  70.    Without limitation, these actions by DEFENDANTS caused Stanley Wilson, Jr. to

24  reasonably believe that if he exercised, without limitation, his right to be free of excessive force

25  and/or cruel and unusual punishment, DEFENDANTS, including custodial officers and

26  DEFENDANTS' agents, employes, and/or joint venturers, would commit violence against him and

27  that DEFENDANTS, including custodial officers and DEFENDANTS' agents, employes, and/or

28  joint venturers, had the apparent ability to carry out the threats.

71.    Without limitation, the excessive force used against Stanley Wilson, Jr. by DEFENDANTS, including custodial officers and DEFENDANTS' agents, employes, and/or joint venturers, while at LASD's Twin Towers Correctional Facility and/or DSH's Metropolitan State Hospital prevented Stanely Wilson, Jr. from exercising his right to be free of excessive force and/or cruel and unusual punishment.

72.    Based on information and belief, DEFENDANTS, including custodial officers and DEFENDANTS' agents, employees, and/or joint venturers, intended to deprive Stanley Wilson, Jr. of his enjoyment of the interests protected by the right to be free from, without limitation, excessive force and cruel and unusual punishment, all cognizable interests under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution to be free from state actions that deprive individuals of recognized constitutional rights and liberties.

73.    As a direct and proximate cause of DEFENDANTS' tortious conduct and/or omissions as described herein, Stanley Wilson, Jr. suffered an untimely and wrongful death.

74.    As a direct and proximate cause of the tortious acts and /or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered and continuous to suffer, without limitation, the loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

75.    As a direct and proximate cause of DEFENDANTS' tortious acts and/or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered wrongful death damages that include, without limitation, economic losses associated with (1) the loss of financial support that DECEDENT would have contributed to the family during the life expectancy that DECEDENT had before his death or the life expectancy of PLAINTIFFS,  (2) the loss of gifts or benefits that PLAINTIFFS would have expected to receive from DECEDENT, (3) funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

76.    As a result of the tortious acts and omissions described herein, THE ESTATE claims compensable pre-death pain and suffering of Stanley Wilson, Jr.

1    77.    As a result of the tortious actions and omissions as described herein, THE ESTATE

2    is entitled to punitive damages because DEFENDANTS acted with the intent to cause injury

3    and/or their conduct was despicable and was done with a willful and knowing disregard of the

4    rights and or safety of DECEDENT.  At all relevant times, DEFENDANTS were aware of the

5    probable consequences of their conduct and deliberately failed to avoid those consequences.

6    78.    As a result of DEFENDANTS' acts as alleged herein, THE ESTATE is entitled to

7    reasonable attorneys' fees and costs of said suit and a civil penalty of $25,000.00 as provided in

8    Cal. *Civil Code* § 52.  Furthermore, as a result of DEFENDANTS' wrongful and illegal conduct as

9    alleged herein, THE ESTATE, without limitation, is also entitled to three times their actual

10   damages, which in no case shall be less than $4,000.00.

11   **FOURTH CAUSE OF ACTION FOR BATTERY**

12   **(Battery against All Defendants)**

13   79.    PLAINTIFFS incorporate herein by reference, each and every allegation and

14   statement contained in paragraphs 1 to 78, *supra*, as if the same had been set forth fully below.

15   80.    In performing the acts described herein, DEFENDANTS, including custodial officers

16   and DEFENDANTS' agents, employees, and/or joint venturers acting in their individual and official

17   capacities and/or under the color of state law, committed the act of civil battery in violation of Cal.

18   Civ. Proc. Code § 1708, when, without limitation, they acted with the intent to make a harmful and

19   offensive contact with Stanley Wilson, Jr.

20   81.    DEFENDANTS, including custodial officers and DEFENDANTS' agents,

21   employees, and/or joint venturers acting in their individual and official capacities and/or under the

22   color of state law, did, in fact, bring themselves into offensive and unwelcome contact with Stanley

23   Wilson, Jr. as described hereinabove.

24   82.    At all relevant times, Stanley Wilson, Jr. found DEFENDANTS' contact, by and

25   through its custodial officers and DEFENDANTS' agents, employees, and/or joint venturers acting

26   in their individual and official capacities and/or under the color of state law, to be offensive to his

27   person and dignity. At no time did Stanley Wilson, Jr. knowingly consent to any of the harmful and

28   offensive contact as alleged hereinabove.

83.     Stanley Wilson, Jr. was physically harmed and/or experienced offensive contact with his person that resulted in his February 1, 2023 death as a result of DEFENDANTS' wrongful acts as hereinabove alleged.

84.     As a direct and proximate cause of DEFENDANTS' tortious conduct and/or omissions as described herein, Stanley Wilson, Jr. suffered an untimely and wrongful death.

85.     As a direct and proximate cause of the tortious acts and /or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered and continuous to suffer, without limitation, the loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

86.     As a direct and proximate cause of DEFENDANTS' tortious acts and/or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered wrongful death damages that include, without limitation, economic losses associated with (1) the loss of financial support that DECEDENT would have contributed to the family during the life expectancy that DECEDENT had before his death or the life expectancy of PLAINTIFFS,  (2) the loss of gifts or benefits that PLAINTIFFS would have expected to receive from DECEDENT, (3) funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

87.     As a result of the tortious acts and omissions described herein, THE ESTATE claims compensable pre-death pain and suffering of Stanley Wilson, Jr.

88.     As a result of the tortious actions and omissions as described herein, THE ESTATE is entitled to punitive damages because DEFENDANTS acted with the intent to cause injury and/or their conduct was despicable and was done with a willful and knowing disregard of the rights and or safety of DECEDENT.  At all relevant times, DEFENDANTS were aware of the probable consequences of their conduct and deliberately failed to avoid those consequences.

///

///

///

## FIFTH CAUSE OF ACTION FOR NEGLIGENCE

### (Negligence against All Defendants)

89.     PLAINTIFFS incorporate herein by reference, each and every allegation and statement contained in paragraphs 1 to 88, *supra*, as if the same had been set forth fully below.

90.     DEFENDANTS, and each of them, had a duty to exercise reasonable care in activities from which harm might reasonably be anticipated. At all relevant times, Stanley Wilson, Jr. was in the custody and control of DEFENDANTS, who jointly and individually had a duty to exercise reasonable care towards him as a mentally incapacitated inmate with known mental health disorders.

91.     DEFENDANTS, and each of them, failed to use ordinary or reasonable care in their interactions with Stanley Wilson, Jr. and negligently caused Stanley Wilson, Jr. to suffer from severe emotional, psychological, and/or psychiatric distress and physical injury, including death, as described herein while Stanley Wilson, Jr. was in the custody of DEFENDANTS at LASD's Twin Towers Correctional Facility and/or DSH's Metropolitan State Hospital, and each of the DEFENDANTS are liable for the acts of their employees, agents, and/or joint venturers.

92.     DEFENDANTS, and each of them, breached their duty when, without limitation, they (1) failed to implement and enforce policies, procedures, practices, and/or protocols to ensure Stanley Wilson Jr.'s safety, (2) when they failed to properly train, supervise, discipline, and terminate agents, employees, and/or independent contractors to provide adequate medical treatment required by Stanley Wilson Jr., and (3) when they used excessive force by utilizing unreasonable physical restraints against him. Without limitation, these failures by DEFENDANTS, and each of them, constitute a failure to use reasonable care in their individual and official capacity and/or within the course and scope of their employment, agency, and/or independent contracting relationship between each other. Stanley Wilson, Jr. suffered injuries and losses, including death, as a result of such failures emanating from DEFENDANTS' tortious conduct as alleged herein, including the actions and omissions of DEFENDANTS' agents, employees, and/or joint venturers, while Stanley Wilson, Jr. was in their custody and control.

93.     As a direct and proximate cause of DEFENDANTS' tortious conduct and/or omissions as described herein, Stanley Wilson, Jr. suffered an untimely and wrongful death.

94.     As a direct and proximate cause of the tortious acts and /or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered and continuous to suffer, without limitation, the loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

95.     As a direct and proximate cause of DEFENDANTS' tortious acts and/or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered wrongful death damages that include, without limitation, economic losses associated with (1) the loss of financial support that DECEDENT would have contributed to the family during the life expectancy that DECEDENT had before his death or the life expectancy of PLAINTIFFS, (2) the loss of gifts or benefits that PLAINTIFFS would have expected to receive from DECEDENT, (3) funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

96.     As a result of the tortious acts and omissions described herein, THE ESTATE claims compensable pre-death pain and suffering of Stanley Wilson, Jr.

97.     As a result of the tortious actions and omissions as described herein, THE ESTATE is entitled to punitive damages because DEFENDANTS acted with the intent to cause injury and/or their conduct was despicable and was done with a willful and knowing disregard of the rights and or safety of DECEDENT. At all relevant times, DEFENDANTS were aware of the probable consequences of their conduct and deliberately failed to avoid those consequences.

**SIXTH CAUSE OF ACTION FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION**

**(Negligent Hiring, Supervision, and Retention against All Defendants)**

98.     PLAINTIFFS incorporate herein by reference, each and every allegation and statement contained in paragraphs 1 to 97, *supra*, as if the same had been set forth fully below.

99.     PLAINTIFFS are informed and believe, and thereon alleges that DEFENDANTS are responsible for the negligent hiring, supervising, and retaining of LASD and DSH agents, employees, and/or joint venturers that were involved throughout the events that transpired prior to

1 Stanley Wilson's Jr.'s February 1, 2023 untimely death as described in the allegations set forth
2 herein.

3     100. DEFENDANTS, and each of them, owed DECEDENT a duty of care to act in a
4 reasonable and ordinary manner so as not to cause Stanley Wilson, Jr. any foreseeable harm.

5     101. DEFENDANTS, and each of them, failed to use ordinary and reasonable care to
6 avoid injury to Stanley Wilson, Jr. Such failures include, but are not limited to, DEFENDANTS'
7 failure to adopt adequate standards for its employees, agents, and/or joint venturers who were unfit
8 and/or incompetent to perform the work for which they were hired. Such failure further includes
9 DEFENDANTS' failure to properly train or correct their agents, employees, and/or joint venturers
10 who were negligently failing to perform their job duties. Such failures further include
11 DEFENDANTS' failure to properly train and supervise their agents, employees, and/or joint
12 venturers so as to, without limitation, (1) avoid unreasonably and unlawfully physically restraining
13 persons suffering from emotional, psychological, and/or psychiatric distress, like Stanley Wilson,
14 Jr., (2) adequately implement safe and reasonable restraint procedures to individuals suffering from
15 severe emotional, psychological, and/or psychiatric distress, like Stanley Wilson, Jr. and (3)
16 provide adequate medical attention and care.

17     102. DEFENDANTS, and each of them, further failed to use ordinary and reasonable care
18 to avoid injury to Stanley Wilson, Jr. when they failed to properly implement policies to ensure
19 inmate safety and/or negligently failed to provide training on safety policies and procedures for
20 such purposes. PLAINTIFFS are informed and thereon allege that DEFENDANTS failed to
21 discipline and/or terminate their employees, agents, and/or joint venturers who failed to perform
22 duties required for the adequate care of in-custody inmates who exhibited mental health disorders,
23 like Stanley Wilson, Jr. PLAINTIFFS are informed and believe that in retaining said employees,
24 agents, and/or joint venturers, DEFENDANTS ratified their negligent and/or unlawful conduct.
25 Further, PLAINTIFFS are informed and thereon allege DEFENDANTS negligently failed to
26 eliminate known dangers, including, without limitation, failing to provide persons suffering from
27 severe emotional, psychological, and/or psychiatric distress with adequate medical care and
28 attention.

103.    As a direct and proximate cause of DEFENDANTS' tortious conduct and/or omissions as described herein, Stanley Wilson, Jr. suffered an untimely and wrongful death.

104.    As a direct and proximate cause of the tortious acts and /or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered and continuous to suffer, without limitation, the loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

105.    As a direct and proximate cause of DEFENDANTS' tortious acts and/or omissions described herein, Plaintiffs D. PULANE LUCAS and STANLEY WILSON, SR., parents of Stanely Wilson, Jr., have suffered wrongful death damages that include, without limitation, economic losses associated with (1) the loss of financial support that DECEDENT would have contributed to the family during the life expectancy that DECEDENT had before his death or the life expectancy of PLAINTIFFS,  (2) the loss of gifts or benefits that PLAINTIFFS would have expected to receive from DECEDENT, (3) funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

106.    As a result of the tortious acts and omissions described herein, THE ESTATE claims compensable pre-death pain and suffering of Stanley Wilson, Jr.

107.    As a result of the tortious actions and omissions as described herein, THE ESTATE is entitled to punitive damages because DEFENDANTS acted with the intent to cause injury and/or their conduct was despicable and was done with a willful and knowing disregard of the rights and or safety of DECEDENT.  At all relevant times, DEFENDANTS were aware of the probable consequences of their conduct and deliberately failed to avoid those consequences.

### SIXTH CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA PUBLIC RECORDS ACT ("CPRA")

**(Declaratory and Injunctive Relief against All Defendants )**

108.    PLAINTIFFS incorporate herein by reference, each and every allegation and statement contained in paragraphs 1 to 107, *supra*, as if the same had been set forth fully below.

109.    COUNTY DEFENDANTS and DSH are agencies of the State of California, and as

1  such, are governed by the public disclosure requirements of Article I, § 3, of the California

2  Constitution and the CPRA, Cal. Gov't Code § 6250 et seq.

3      110.    On or about  June 2, 2023, and again on or about August 23, 2023,  Plaintiffs

4  submitted  a written CPRA request to  COUNTY DEFENDANTS seeking the disclosure of

5  videos and other documents which explain the circumstances of the in-custody death of Stanley

6  Wilson Jr.

7      111.    On or about June 2, 2023, Plaintiff's submitted  a written CPRA request to The

8  State of California Department of State Hospitals "CSH" seeking  the disclosure videos and

9  other documents which explain the circumstances of the in-custody death of Stanley Wilson Jr.

10      112.    On or about June 9, 2023 COUNTY DEFENDANTS asked for extension of time to

11  produce the requested documents.

12      113.    On or about July of 2023 COUNTY DEFENDANTS claimed a "computer server

13  problem" prevented the timely production of the documents and videos requested.

14      114.    On or about August 1, 2023 COUNTY DEFENDANTS changed their reason for

15  their failure to produce the videos and documents requested.  The letter asserted that no

16  documents or videos would not be produced because the videos and documents requested were

17  exempt from public disclosure pursuant to Govt Code Section 7923.600-7923.65, 7922.000, and

18  California Constitution Article 1.

19      115.    In particular, Plaintiff knows, or believes based on the best available information,

20  that COUNTY DEFENDANTS possesses responsive documents that they have refused to

21  produce.

22      116.    The California Constitution, Art. I, § 3(b)(1), declares that "[t]he people have the

23  right of access to information concerning the conduct of the people's business, and, therefore, the

24  meetings of public bodies and the writings of public officials and agencies shall be open to public

25  scrutiny."

26      117.    The CPRA, Cal. Gov't Code § 6250, declares that "access to information concerning

27  the conduct of the people's business is a fundamental and necessary right of every person in this

28  state."

1     118.    The CPRA provides, Cal. Gov't Code § 6253(a), that "[p]ublic records are open to

2    inspection at all times during the office hours of the state or local agency and every person has a

3    right to inspect any public record, except as hereafter provided." The CPRA further provides that

4    each agency must respond "within 10 days." Id. § 6253(c). The CPRA further requires that "the

5    head of the agency or his or her designee" may make extensions "in unusual circumstances," but

6    only by written notice to the person making the request, "setting forth the reasons for the

7    extension and the date on which a determination is expected to be dispatched." Id. The CPRA

8    also limits extensions: "[n]o notice shall specify a date that would result in an extension for more

9    than 14 days." Id.

10    119.    COUNTY DEFENDANTS' asserted public interest in nondisclosure is outweighed

11    by the constitutional right to the information. California Constitution, Art. I, § 3(b)(1).

12    Furthermore, the public has an interest in disclosing these specific documents in light of the long

13    history of unexplained deaths of persons in the custody of defendants.

14    **EIGHTH CAUSE OF ACTION FOR VIOLATIONS OF PENAL CODE § 10008 - FAILURE**

15    **TO REPORT IN-CUSTODY DEATHS OF INMATES**

16    **(Violations against All Defendants)**

17    120.    PLAINTIFFS incorporate herein by reference, each and every allegation and

18    statement contained in paragraphs 1 to 119, *supra*, as if the same had been set forth fully below.

19    121.    Pursuant to Penal Code § 10008:

20    (a) When a person who is in custody dies, the agency with jurisdiction over the state or local

21    correctional facility with custodial responsibility for the person at the time of their death shall,

22    consistent with reporting requirements pursuant to Section 12525 of the Government Code, post all

23    of the following on its internet website:

24    (1) The full name of the agency with custodial responsibility at the time of death.

25    (2) The county in which the death occurred.

26    (3) The facility in which the death occurred, and the location within that facility where the

27    death occurred.

28    (4) The race, gender, and age of the decedent.

1   (5) The date on which the death occurred.

2   (6) The custodial status of the decedent, including, but not limited to, whether the person was

3   awaiting arraignment, awaiting trial, or incarcerated.

4   (7) The manner and means of death.

5   122.    Furthermore, pursuant to Penal Code § 10008, the aforementioned information shall

6   be posted for the public to view on the agency's internet website within 10 days of the date of death.

7   If any of the information changes, including, but not limited to, the manner and means of death, the

8   agency shall update the posting within 30 days of the change. If the agency seeks to notify the next

9   of kin and is unable to notify them within 10 days of the death, the agency shall be given an

10   additional 10 days to make good faith efforts to notify next of kin before the information shall be

11   posted for the public to view on the agency's internet website.

12   123.    Despite the clear and mandatory requirement of Penal Code § 10008, to date, Stanley

13   Wilson, Jr.'s death had not been reported to the internet website of Defendants LASD, the

14   COUNTY, and DSH.  Furthermore, Stanley Wilson, Jr.'s parents, D. PULANE LUCAS and

15   STANLEY WILSON, SR., have, to date, not been notified of any good faith efforts to report the

16   death of their son, Stanley Wilson, Jr.

17   124.    Instead, Stanley Wilson, Jr.'s parents have been painfully left with many unanswered

18   questions about the in-custody death of their son due to DEFENDANTS' collective failures to

19   comply with the reporting requirements of Penal Code § 10008.

20   125.    As a result of the tortious actions and omissions as described herein, PLAINTIFFS

21   seek injunctive relief, including, without limitation, (1) a complete accounting of all in-custody

22   deaths – including of Stanley Wilson, Jr. – that have occurred in 2023 both at LASD and DSH

23   facilities and (2) that DEFENDANTS be required to complete mortality reviews triggered by inmate

24   death occurrences at LASD and DSH facilities that includes a mortality review by both a physician

25   and nurse reviewer dating back at least 6 months prior to a reported in-custody death.

26   ///

27   ///

28   ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all DEFENDANTSs, and each of them, including Does 1 through 50, Inclusive, as follows:

1. For compensatory, general, and special damages against each Defendant, jointly and severally, in an amount to be proven at trial;

2. For punitive and exemplary damages against DEFENDANTS in an amount appropriate to punish DEFENDANTS and deter others from engaging in similar misconduct;

3. For civil penalties as permitted by law;

4. For trebling of actual damages;

5. For costs of suit, including reasonable attorneys' fees;

6. For pre-judgment and post-judgment interest as permitted by law;

7. For injunctive relief that includes (1) a complete accounting of all in-custody deaths – including of Stanley Wilson, Jr. – that have occurred in 2023 both at LASD and DSH facilities and (2) that DEFENDANTS be required to complete mortality reviews triggered by inmate death occurrences at LASD and DSH facilities that include a mortality review by both a physician and nurse reviewer dating back at least 6 months prior to a reported in-custody death; and

8. For other such relief as the Court may deem proper.

Dated: September 12, 2023

CARPENTER & ZUCKERMAN

BY: _____
John C. Carpenter
Attorney for Plaintiffs
ESTATE OF STANLEY WILSON, SR., D.
PULANE LUCAS, and STANLEY WILSON,
SR.

///

///

## DEMAND FOR JURY TRIAL

Plaintiffs ESTATE OF STANLEY WILSON, JR., D. PULANE LUCAS, and STANLEY WILSON, SR. hereby demand a trial of all causes by jury.

Dated: September 12, 2023

                                     **CARPENTER & ZUCKERMAN**

BY:

                        John C. Carpenter
                        Attorney for Plaintiffs
                        ESTATE OF STANLEY WILSON, SR., D. PULANE LUCAS, and STANLEY WILSON, SR/

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>John Carpenter, Esq,  SBN: 155610<br>Carpenter & Zuckerman<br>8827 West Olympic Boulevard, Beverly Hills, California 90211<br>TELEPHONE NO.: 310-273-1230  FAX NO. *(Optional):* 310-858-1063<br>E-MAIL ADDRESS: teamcarpenter@cz.law<br>ATTORNEY FOR *(Name):* Plaintiffs | | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/13/2023 8:54 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk**

CASE NAME: Estate of Stanley Wilson, Jr, et al. vs. Los Angeles County Sheriff's
Department, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited**  [ ] **Limited**<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **23STCV21997** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve  courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence  court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 12, 2023
John Carpenter, Esq,  ▶ /s/ John Carpenter

| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY) |
|---|---|

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| SHORT TITLE | Estate of Stanley Wilson, Jr., et al. vs. Los Angeles County Sheriff's Department, et al. | CASE NUMBER 23STCV21997 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | **A** Civil Case Cover Sheet Case Type | **B** Type of Action (check only one) | **C** Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☒ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, ④ |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | Estate of Stanley Wilson, Jr., et al. vs. Los Angeles County Sheriff's Department, et al. | CASE NUMBER | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE Estate of Stanley Wilson, Jr., et al. vs. Los Angeles County Sheriff's Department, et al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | Estate of Stanley Wilson, Jr., et al. vs. Los Angeles County Sheriff's Department, et al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE Estate of Stanley Wilson, Jr., et al. vs. Los Angeles County Sheriff's Department, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>□ 1. □ 2. □ 3. ☒ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | | | ADDRESS: 450 Bauchet St. |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>September 13, 2023</u>

/s/ John Carpenter

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23)
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

# EXHIBIT B

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

2023 OCT 18 P 1:54

**NOTICE TO DEFENDANT:** LOS ANGELES COUNTY SHERIFF'S
*(AVISO AL DEMANDADO):* DEPARTMENT, a public entity; COUNTY OF
LOS ANGELES, a municipal government entity;
CALIFORNIA DEPARTMENT OF STATE
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** ESTATE OF STANLEY WILSON, JR.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* , by and
through Administrator D. Pulane Lucas and Stanley
Wilson, Sr.; D. PULANE LUCAS, an individual;
Additional Parties Attachment form is attached.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/13/2023 8:54 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
23STCV 1997

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carpenter & Zuckerman
8827 West Olympic Boulevard, Beverly Hills, California 90211     310-273-1230

DATE:
*(Fecha)* 09/13/2023

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)*  Y. Ayala   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* COUNTY OF LOS ANGELES, a municipal government entity

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 416.50 (public entity)

4. ☒ by personal delivery on *(date):* 10/18/23

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Jesttaw Doc & Form Builder

**SUM-200(A)**

| | |
|---|---|
| SHORT TITLE: | CASE NUMBER: |
| ESTATE OF STANLEY WILSON, JR. v. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT | 23STCV21997 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [X] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

HOSPITALS, a state governmental agency; and
DOES 1 through 50, Inclusive;

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ESTATE OF STANLEY WILSON, JR. v. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT | 23STCV21997 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

and STANLEY TOBIAS WILSON, SR.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**